NELSON & LITTLE v. W. H. H. MILLS.

FILED APRIL 7, 1896.   No. 6467.

Conflicting Evidence: REVIEW.   A judgment rendered on a verdict reached upon consideration of merely conflicting evidence will not be disturbed where there is presented on error proceedings no question other than the sufficiency of the evidence to sustain the verdict.

ERROR from the district court of Phelps county. Tried below before BEALL, J.

*J. R. Patrick,* for plaintiffs in error.

*Hall, St. Clair & Roberts, contra.*

RYAN, C.

In this action in the district court of Phelps county the firm of Nelson & Little sought to recover judgment for goods sold W. H. H. Mills. The answer contained a general denial and a claim of set-off on account of merchandise sold to the plaintiff. By reply the right of set-off was put in issue, and on a trial of the issues joined there was a verdict in favor of the defendant,

upon and in accordance with which judgment was rendered for defendant in the sum of $28.35 and costs.

The matter in this court specially contested is whether clothing of the value of $19 sold by plaintiff to one Lindsey was properly charged to the defendant.   There was evidence that Lindsey, when he purchased the aforesaid clothing, was in the employ of Mills, and that Mills directed that the clothes sold Lindsey should be charged to himself.   In his testimony Mills explicitly denied that he ever gave any authority to charge against him the clothes purchased by Lindsey.   The jury, on conflicting evidence, found in favor of Mills, and we cannot disturb this verdict.   There was no assignment of error which can be considered independently of the mere tendency of the evidence to prove or disprove the liability of Mills for the clothes sold to Lindsey.   There is no fault found with the instructions given, but it is complained that the jury ignored them.   The question submitted by these instructions was whether the promise of Mills was one to answer for the debt of another or was an indebtedness contracted by Mills for clothes purchased for Lindsey.   There is no complaint of the correctness of the principles stated in these instructions as applied to the evidence upon which the jury was required to act, but it is urged that the jury arrived at a conclusion which, in view of these instructions, they should not have reached.   In brief, this argument is that the jury should have found that the promise of Mills was really to pay an indebtedness contracted by himself, and not that of Lindsey.   This contention is, therefore, simply that the verdict was contrary to the weight of the evidence, and thus we are

brought back to the first proposition herein considered and held adversely to the argument of the plaintiff in error. The judgment of the district court is

AFFIRMED.